Argued October 27, affirmed December 18, 1975

McCOSHUM ET AL, *Respondents, v.* HOSELTON, *Appellant.*

543 P2d 657

*Milo W. Pope* of Galbreath & Pope, Milton-Freewater, and Roy Kilpatrick, John Day, argued the cause and filed briefs for appellant.

*Claud A. Ingram* of Ingram & Schmauder, John Day, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is a suit to quiet title to real property located in Grant County, Oregon. The trial court entered a decree quieting plaintiffs' title and defendant appeals.

Plaintiffs Wear entered into a land sale contract with Philip A. Dale and Marcus I. Dale, who owned a large parcel of land which contained a farm supply store and a market known as the Food Center. Plaintiffs purchased a part of the land which included the Food Center building.[1] The Dale brothers retained the rest of the parcel until it was conveyed to defendant. The land sale contract contained two descriptions of the property sold to plaintiffs; the first description was in terms of distances from the Food Center building to the east and west boundary lines to the market building, and the second description was by courses and distances.[2]

---

[1] Plaintiffs McCoshum obtained an undivided one-half interest in this property from plaintiffs Wear in 1964.

[2] The first description read:

"Those certain real premises upon which is located the Wayside Market building, having a highway frontage of 210 feet. The said building being located 72 feet west of the east boundary of said tract and 44 feet east of the west boundary of said tract, and said tract extending from U. S. Highway No. 26 North to the alley at the rear of the said building, a more particular description of which is as follows:"

The second description read:

"Commencing at a point on the northerly right of way line of the John Day Highway; said point being 602.3 feet north and 1283.3 feet west of the Southeast corner of Section 22, Twp. 13 South, Rge. 31 E., W.M.; said point also being 30.0 feet distant from (when measured at right angles to) engineer's center line station 405 + 67.0; thence N 18°43' W.,

The following diagram is taken from a survey map of the property prepared in 1973 at plaintiffs' request. The land sale contract description in reference to the building is indicated as "intent of deed property line," while the metes and bounds description is indicated as "legal description of property line."

■ As noted above, the Dale brothers owned all of the land in question. When they sold a part of it to plaintiffs, the land sale contract contained two inconsistent descriptions. Where there are irreconcilable descriptions in a conveyancory instrument the court must choose that description which best comports with the intention of the parties considering all the circumstances attending the conveyance. In the present case the property conveyed by the Dale brothers to plaintiffs included a building. If the first part of the description in the land sale contract is chosen (designated in the diagram as the "INTENT OF DEED PROPERTY LINE"), the building would be located on the land conveyed; whereas, if the second part of the description is accepted (designated as the "LEGAL DESCRIPTION PROPERTY LINE"), the building would encroach approximately ten feet on the land retained by grantors.

a distance of 98.6 feet; thence N 71°17′ E., a distance of 212.0 ft.; thence S 18°43′ E., a distance of 98.6 feet to the northerly right of way line of said highway; thence S 71°17′ W., along said right of way line, a distance of 212.0 feet to the point of beginning, containing 0.47 acres, more or less."

The land sale contract conveyed an easement for a driveway adjacent to the northern boundary of the parcel:

"ALSO an easement in common for a driveway located adjacent to the north line of the property described above and being 20.0 feet in width 10.0 feet on each side of the following described center line: Commencing at a point 705.2 feet north and 1318.1 feet west of the southeast corner of Section 22, Twp. 13 South, Rge. 31 E., W.M. said point being N 18°43′ W., a distance of 10.0 feet from the northwest corner of the property described above; thence N 71°17′ E., a distance of 212.0 feet."

■ It would seem self-evident that the parties to the conveyance would not have intended the building to encroach upon the grantors' land. This circumstance alone is sufficient to justify adopting the so-called "intent of deed" description. This is essentially the description adopted by the trial court.

The decree, however, describes the lot as having an east-west distance of 212 feet, whereas the land sale contract describes that distance as 210 feet. The contract did not indicate the width of the building, de-

scribing it only as being 72 feet west of the east boundary and 44 feet east of the west boundary. If the building was 96 feet wide, the total footage between the east and west boundary would be 212 feet as designated in the decree. Apparently the trial court computed the distance on this basis. Defendant attempts to refute this computation by showing that if the store front is measured on the diagram according to scale, the width of the building is only 93.75 feet and the total distance is then only 209.75 feet. It is evident from the measurement of the other lines on the diagram that the draftsman did not purport to make the lines on the diagram represent the exact distances designated. We shall assume, therefore, that the 212 feet described in the decree constitute the sum of the 72 feet and 44 feet designated, and 96 feet representing the width of the building.

Defendant also criticizes that part of the description in the decree which fixes the north and south measurement at 108.60 feet. In support of this criticism defendant argues that the south boundary of the easement constitutes the north boundary of the property in question and that the easement is described in the so-called "legal description" part of the deed as being 98.6 feet from the south boundary (the north line of the highway).

The answer to this argument is that the court rejected the so-called "legal description" part of the contract of sale and adopted the so-called "intent of deed" description. Having done so, and thus bringing the building within the area described on that basis, the court apparently treated the south boundary of the easement as corresponding to a line co-existent with the north side of the building. This seems a reasonable reconciliation of the easement description with the lot description adopted by the court. Had the court not done so and had it adopted the descrip-

tion urged by defendant, the building would encroach upon the easement.

The decree of the trial court is affirmed.